915 So.2d 657 (2005)
MAC-GRAY SERVICES, INC., Appellant,
v.
SAVANNAH ASSOCIATES OF SARASOTA, LLC., Appellee.
No. 2D05-556.
District Court of Appeal of Florida, Second District.
October 12, 2005.
*658 David P. Reiner, II, of Reiner & Reiner, P.A., Miami, for Appellant.
Scott H. Carter of Dunlap & Moran, P.A., Sarasota, for Appellee.
CANADY, Judge.
In this case arising from a dispute over the interpretation of a commercial lease, Mac-Gray Services, Inc., appeals the trial court's declaratory final judgment, granting summary judgment in favor of Savannah Associates of Sarasota, LLC. Because the lease addendum provision which was the subject of the declaratory judgment contained a latent ambiguity, we conclude that granting summary judgment was improper.

I. Background

Savannah, as lessor, and Mac-Gray, as lessee, were parties to a lease agreement with respect to a laundry room at an apartment complex. Under the agreement, Mac-Gray was to provide coin operated laundry equipment and to operate the laundry room. The lease ran in six-year terms, with the second lease term running from January 16, 1996, to January 15, 2002. Each party had the right to terminate the lease at the end of a six-year term by providing written notice by a certain date of the intention not to renew; without such notice, the lease would automatically renew for six years. Here, no notice had been provided by the pertinent deadline and the lease had been automatically renewed for an additional six years beginning on January 16, 2002, and ending on January 15, 2008.
After the deadline for giving notice of the intention not to renew had passed, but prior to the end of the second lease term, the parties signed an addendum providing that Mac-Gray would install additional dryers and pay a specified sum for electrical work required for the additional dryers. The addendum also provided "that the Lease agreement shall be extended for a three (3) year period commencing the first day of the month following the installation of the additional new dryers." (Emphasis added.) The addendum specifically stated that it would "supersede and prevail over the language used in the main body of the lease in the event of any conflict." The additional dryers were installed in February 2002.
At a hearing on the parties' cross-motions for summary judgment, the trial court ruled that the agreement and the addendum were unambiguous and that the addendum effectively rewrote the six-year renewal term provided for in the lease. Because of its determination that the agreement and addendum were unambiguous, the trial court refused to consider parol evidence concerning the intention of the parties. Savannah was granted summary judgment, and the trial court determined that pursuant to the addendum, the lease termination date was March 1, 2005, three years from the first day of the month following installation of the additional dryers.[1]

II. Argument on Appeal

Mac-Gray argues that the trial court erred in concluding that "the lease agreement and the addendum thereto were in unambiguous conflict as to the lease term." Mac-Gray contends that the addendum *659 should be read "to extend Mac-Gray's lease term an additional three years from 2008 to 2011." According to Mac-Gray, the trial court erred "in finding no ambiguity in the addendum" and in ignoring parol evidence that the parties intended to extend the term of the lease for "an additional three years" beyond the renewal term.
Savannah argues in response that the trial court's ruling in Savannah's favor was required by the provision of the addendum that the addendum's terms supersede and prevail over the lease terms. Savannah contends that there was a conflict between the operation of the lease provision regarding the six-year renewal term and the addendum provision for a three-year extension and that the conflict was properly resolved by the trial court in favor of the addendum provision. Savannah further argues that a consideration of parol evidence by the trial court would have been improper because there was no ambiguity justifying the consideration of such evidence.

III. Analysis

Savannah correctly points out that any conflict between the addendum and the original lease agreement must be resolved in favor of the addendum. The resolution of this case turns, however, not on a conflict between the lease and the addendum but on an ambiguity in the meaning of the addendum.

A. A Latent Ambiguity Requires Consideration of Parol Evidence and Precludes Summary Judgment

"[W]hen a contract is rendered ambiguous by some collateral matter, it has a latent ambiguity, and the court must hear parol evidence to interpret the writing properly." RX Solutions, Inc. v. Express Pharmacy Servs., Inc., 746 So.2d 475, 476 (Fla. 2d DCA 1999). A latent ambiguity  as distinct from a patent ambiguity  arises "where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings." Ace Elec. Supply Co. v. Terra Nova Elec., Inc., 288 So.2d 544, 547 (Fla. 1st DCA 1974). A latent ambiguity is thus brought to light when extraneous circumstances reveal "an insufficiency in the contract not apparent from the face of the document." Hunt v. First Nat'l Bank, 381 So.2d 1194, 1197 (Fla. 2d DCA 1980).[2]
A patent ambiguity, in contrast, appears on the face of the document and may not be resolved by the consideration of parol evidence. Crown Mgmt. Corp. v. Goodman, 452 So.2d 49, 52 (Fla. 2d DCA 1984); see also Landis v. Mears, 329 So.2d 323, 325-26 (Fla. 2d DCA 1976) ("Florida courts have adhered to the distinction [between patent and latent ambiguities] and ordinarily allow parol evidence where there is a latent ambiguity and reject it where there is a patent ambiguity.").
Where there is a latent ambiguity affecting a disputed contract provision, there necessarily will be a disputed issue of material fact. Accordingly, "[w]hen an agreement contains a latent ambiguity ... *660 the issue of the correct interpretation of the agreement is an issue of fact which precludes summary judgment." Griffin v. Fed. Deposit Ins. Corp., 532 So.2d 1358, 1360 (Fla. 2d DCA 1988); see also Berry v. Teves, 752 So.2d 112, 114 (Fla. 2d DCA 2000).

B. The Latent Ambiguity in the Addendum

The ambiguity in the meaning of the addendum is a latent ambiguity because it does not appear on the face of the addendum but arises from an extraneous circumstance. The extraneous circumstance is the renewal of the lease for an additional six-year term prior to the execution of the addendum. When viewed in the context of renewal lease term, the provisions of the addendum are not coherent. Given that the lease had already been extended for an additional term to end on January 15, 2008, the reference in the addendum to extending the lease for a three-year period is in apparent conflict with the reference in the addendum to the commencement of the three-year period on "the first day of the month following the installation of the additional new dryers." Since the new dryers were installed in February 2002, the three-year term would commence March 1, 2002, and would end February 28, 2005  prior to the termination of the renewal term. Such a three-year term ending February 28, 2005, would not be an extension of the lease, which had already been extended to January 15, 2008.

IV. Conclusion

The addendum thus contains a latent ambiguity, which required the consideration of parol evidence and precluded the entry of summary judgment. The judgment is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
WHATLEY and SALCINES, JJ., Concur.
NOTES
[1] A three-year term commencing on March 1, 2002, would in fact terminate on February 28, 2005.
[2] The use of parol evidence to resolve a latent ambiguity has been explained in this fashion: "[E]xtrinsic evidence ... is admissible to explain a latent ambiguity"  that is, "one not apparent on the face of the instrument, but one arising from extrinsic evidence"  because doing so "is but to remove the ambiguity by the same kind of evidence as that by which it is created." Bradley v. Washington, Alexandria, & Georgetown Steam Packet Co., 38 U.S. 89, 97, 13 Pet. 89, 10 L.Ed. 72 (1839).