967 So.2d 1114 (2007)
Lillian SAENZ, Appellants,
v.
Jose G. CAMPOS and State Farm Mutual Automobile Insurance Company, Appellees.
No. 4D07-855.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
*1115 Russell S. Adler, Shawn L. Birken and Matthew S. Sackel of Rothstein, Rosendfeldt & Adler, Fort Lauderdale, for appellants.
Neil Rose of Bernstein, Chackman & Liss, Hollywood, for appellees.
MAY, J.
Technical compliance with section 768.79, Florida Statutes (2006), is challenged in this appeal. The plaintiff appeals an order striking her proposal for settlement based upon an ambiguity within the document and lack of requisite detail. She argues the trial court erred in finding the proposal ambiguous and in requiring more detail regarding the disposition of the case. Regardless, the insurer argues the trial court correctly granted its motion to strike. We affirm.
The plaintiff filed suit against the other driver and her uninsured motorist [UM] insurer following a motor vehicle accident.[1] During litigation, the plaintiff served a civil remedies notice on her UM insurer. The plaintiff then filed a notice of service of proposal for settlement on the same insurer, pursuant to section 768.79, Florida Statutes (2006), and Rule 1.442, Florida Rules of Civil Procedure. The proposal stated:
3. This proposal is meant to resolve all claims by the Plaintiff . . . against the Defendant. . . .
4. There are no conditions to this offer.
5. The proposal to settle the claim is that Defendant . . . pay to the Plaintiff . . . sum of Forty Nine Thousand, Five Hundred ($49,500.00) Dollars, in a lump sum payment within 30 days of the service of this Proposal for Settlement, in full settlement of the claims raised in the suit against Defendant,. . . .
6. There are no punitive damages. No offer is being made for punitive damages.
7. This proposal does not include any attorney's fees which are not a part of the legal claim.
8. This Proposal for Settlement will remain open for Thirty (30) days from service on the Defendant. . . .
(Emphasis supplied). The insurer did not accept the proposal for settlement; the case went to trial.
*1116 The jury returned a verdict for the plaintiff. The trial court entered a final judgment against the insurer in the amount of $72,849.53. The plaintiff then moved for costs and attorney's fees pursuant to section 768.79. The insurer moved to strike the proposal for settlement, arguing that the proposal was ambiguous, incomplete, and untimely.[2]
The ambiguity argument focused on paragraphs 3 and 5 of the proposal. Paragraph 3 indicated that the proposal would resolve "all claims" against the insurer while paragraph 5 indicated that the proposal would resolve only "the claims raised in the suit." Thus, the insurer argued it was unclear whether the proposal addressed the bad faith claim that had been noticed under the civil remedies statute. The plaintiff responded that the proposal was not ambiguous because all claims against the insurer arose out of the same case. And, since the case was resolved within the policy limits, the issue of the civil remedies notice became moot.
The trial court found the proposal for settlement ambiguous and reminded the parties that the proposal must be reviewed at the time it was offered. The court found the conflicting provisions in paragraphs 3 and 5 left the terms of the proposal unclear.
The insurer argued secondarily that the proposal was facially defective because it failed to state, as a non-monetary term or as a relevant condition, how the case would be resolved. The insurer argued that absent details on the disposition of the case (voluntary dismissal with prejudice, stipulation and order, dismissal for lack of prosecution, execution of a release), additional judicial labor might be required after acceptance of the proposal.
The plaintiff responded that the proposal for settlement complied with the letter of Rule 1.442, which does not require the proposal to include the terms for disposition of the case. The trial court agreed with the insurer that while Rule 1.442 may not expressly require the inclusion of the terms for resolving the action, those terms must be included as requisite non-monetary terms. The trial court granted the motion to strike the proposal for settlement, but never ruled on the plaintiff's motion to tax costs and fees.
We give proposals for settlement de novo review. Jamieson v. Kurland, 819 So.2d 267, 268 (Fla. 2d DCA 2002); accord Miami-Dade County v. Ferrer, 943 So.2d 288, 290 (Fla. 3d DCA 2006). Section 768.79, Florida Statutes (2006), provides the substantive law concerning proposals for settlement while Rule 1.442, Florida Rules of Civil Procedure, provides its procedural mechanism.
Rule 1.442(c)(2)(B)-(D) requires the proposal to "identify" the claim or claims to be resolved, "state with particularity" any relevant conditions, "state" the total amount of the proposal, and "state with particularity" the non-monetary terms of the proposal. The rule "requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla.2006). "The burden of clarifying the intent or extent of a settlement proposal cannot be placed on the party to whom the proposal is made." Dryden v. Pedemonti, 910 So.2d 854, 855 (Fla. 5th DCA 2005).
The proposal fails to satisfy the "particularity" requirement if an ambiguity within the proposal could reasonably affect the offeree's decision. Nichols, 932 So.2d at 1079. While a proposal for settlement may settle only a portion of a lawsuit, it *1117 must be clear which of the outstanding claims are to be extinguished. See Connell v. Floyd, 866 So.2d 90, 92 (Fla. 1st DCA 2004); Nichols, 932 So.2d at 1080.
So, what then constitutes an ambiguity? Ambiguity is defined as "the condition of admitting more than one meaning." The Random House College Dictionary 42 (revised ed. 1980). No one can claim that paragraphs 3 and 5 say the same thing. They simply don't. That conflict in the wording created the ambiguity that supported the trial court's striking of the proposal.
Ambiguities can be either patent or latent. A patent ambiguity is one that appears on its face. "A latent ambiguity  as distinct from a patent ambiguity  arises `where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings.'" Mac-Gray Servs., Inc. v. Savannah Assocs. of Sarasota, LLC., 915 So.2d 657, 659 (Fla. 2d DCA 2005) (quoting Ace Elec. Supply Co. v. Terra Nova Elec., Inc., 288 So.2d 544, 547 (Fla. 1st DCA 1974)). The ambiguity in this case is patent.
The dissent takes the position that the wording alone is insufficient and it is the practical effect of the conflicting language that must be looked at to determine an ambiguity. In other words, the dissent suggests that if the proposal had been paid, then the practical effect of the conflicting language disappeared because no bad faith claim would have survived. We find that analysis flawed for two reasons.
First, the plaintiff continuously maintained that it intended to pursue the bad faith claim if the proposal was rejected, and was unwilling to agree that the claim was included in the proposal. It would not be until the ultimate final judgment was rendered that it could be determined whether excess judgment bad faith claim existed. Second, a common law bad faith claim other than for an excess verdict existed as section 624.155(8), Florida Statutes (2006), provides for claims other than excess verdicts; e.g., fraud, breach of contract, intentional infliction of emotional distress. See Opperman v. Nationwide Mut. Fire Ins. Co., 515 So.2d 263, 265 (Fla. 5th DCA 1987).
For these reasons, we find the trial court correctly struck the proposal and therefore affirm. Because we affirm the order striking the proposal for settlement on the trial court's finding that the proposal was ambiguous, we decline to address the secondary basis for striking the proposal  the proposal failed to include the terms for disposing of the case.
Affirmed.
POLEN J., concurs.
KLEIN, J., dissents with opinion.
KLEIN, J., dissenting.
I am unable to find that paragraph 3 and paragraph 5 create an ambiguity. No one contends that there is an "or" or an "either" between the numbered provisions of the proposal for settlement. Thus all numbered provisions are operative.
I agree that the provision in paragraph 3 stating that the proposal will "resolve all claims" is broader than the one in paragraph 5 which says that it is in "full settlement of the claims raised in the suit." The difference, however, is irrelevant, because it could not possibly leave State Farm in doubt. Resolving "all claims" would obviously include the possible claim contemplated by the civil remedies notice which plaintiff had served on State Farm.
The question, which neither State Farm nor the majority has answered to my satisfaction is, if State Farm had accepted the *1118 offer, how could State Farm have been in doubt as to whether there was a further claim. The only answer I can find in State Farm's brief is on page 13:
It was not clear whether the offer was meant to settle just the "claims raised in the suit" as noted in paragraph 5 or "all claims" (including the bad faith claim) as noted in paragraph 3.
State Farm erroneously assumes there is an "or" when, as I indicated above, there was not. The proposal is to "resolve all claims" and "the claims raised in the suit."
The majority does not answer my question either. The majority says that "plaintiff continuously maintained that it intended to pursue the bad faith claim if the proposal was rejected, and was unwilling to agree that the claim was included in the proposal." I find no support in the record for the second portion of this statement, and I don't see any relevance to the fact that the plaintiff was going to pursue the bad faith claim if the proposal was rejected. The only issue here is whether, if State Farm accepted the proposal, there would be any uncertainty as to whether plaintiff could pursue any other claims, and I fail to understand how the "resolve all claims" language leaves any uncertainty.
NOTES
[1] The driver of the other vehicle is not a party to this appeal.
[2] The trial court found the proposal timely, which has not been challenged in this appeal.