KLEIN, J.
The insureds under a homeowner’s policy contend that the trial court erred in finding as a matter of fact that the water damage in their home fell within the exclusion for “continuous or repeated leakage or seepage of water.” We affirm.
Sometime between April 2006 and November of that year, when the insureds’ home was vacant, the leakage of water from a toilet supply line damaged the home. Their policy excludes loss
d. caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, mold, or wet or dry rot.
The above exclusion is found in section 1, entitled “Losses Insured,” and in section 2, entitled “Losses Not Insured” it is provided:
1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
f. continuous or repeated seepage or leakage of water or steam from a:
[[Image here]]
(3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls or floors;
which occurs over a period of time....
The leak was discovered in November, when a neighbor observed water flowing below a sliding glass door. The period of time during which the water leaked was revealed by the water bills. Before the leak, when the house was not occupied, the water usage for a month was twenty gallons, and during a month when the house was occupied, the usage was about two thousand gallons. In September during the period of the leak when the house was unoccupied, the usage was seven hundred sixty gallons, and in October seven thousand two hundred eighty gallons. Usage for the eighteen days in November, before the leak was discovered, was eight thousand six hundred gallons. The insured testified that he believed the damage was caused by “a continuous leakage from that toilet pipe, for a course of three weeks or so” and by a “sudden accidental discharge of water.”
At the trial, an expert testified on behalf of State Farm that the leakage had resulted from the failure of a nylon fitting in a toilet supply line, and that the water bills demonstrated that water usage had increased gradually from zero to twenty six gallons a day in September, two hundred forty gallons a day in October, and four hundred twenty gallons a day in Novem *101 ber. This was an ongoing increase from a drip to a major failure of the fitting. The leak could have started as early as July, because rot in the wood near the fitting, and mold in the nearby drywall was consistent with leakage over a period longer than a few weeks.
The trial court found that the leak began sometime during the August — September billing period and continued until it was discovered in mid-November, and this finding was the basis for the conclusion that this loss occurred over a period of time. Appellant’s argument that this finding is not supported by the evidence is utterly without merit.
The remaining issues raised, including the contention that the exclusion is ambiguous, do not merit discussion. Affirmed.
SHAHOOD, C.J. and DAMOORGIAN, J., concur.