42 So.3d 890 (2010)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
Lawrence POLLINGER, Appellee.
No. 4D09-4383.
District Court of Appeal of Florida, Fourth District.
August 18, 2010.
*891 Richard A. Sherman, Sr. and James W. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Ansley Ellmeyer of Law Offices of Patricia E. Garagozlo, West Palm Beach, for appellant.
David T. Aronberg of Law Offices of Aronberg & Aronberg, Delray Beach, for appellee.
GROSS, C.J.
We affirm the circuit court's ruling finding a proposal for settlement to be ambiguous so that it could not support an award of attorney's fees under the offer of judgment statute.
Appellee, Lawrence Pollinger, filed a two-count action against Nationwide Mutual Fire Insurance Company, containing a personal injury protection (PIP) claim and a count seeking uninsured motorist (UM) benefits. Nationwide hired one law firm, Wicker Smith, to defend the PIP claim and a different attorney, Patricia Garagozlo, to defend the UM claim. Each law firm filed its own, separate answer and affirmative defenses. Garagozlo filed a proposal for settlement that contained this paragraph:
3. In exchange for the payment set forth above, the Plaintiff, LAWRENCE POLLINGER, will dismiss the Defendant NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, from all claims, causes of action, and damages arising from the incident or accident giving rise to this lawsuit and will dismiss this lawsuit with prejudice.
Nationwide prevailed in the case and filed a motion for attorney's fees on its proposal for settlement. Pollinger filed a motion to strike the proposal for settlement, which the trial court granted, finding it to be ambiguous.
"The standard of review in determining whether a proposal for settlement complies with section 768.79, Florida Statutes [2009], and Florida Rule of Civil Procedure 1.442 is de novo." Palm Beach Polo Holdings, Inc. v. Madsen, Sapp, Mena, Rodriguez & Co., P.A., 957 So.2d 36, 37 (Fla. 4th DCA 2007).
Rule 1.442(c)(2)(B) and (C) requires that settlement proposals "identify the claim or claims the proposal is attempting to resolve" and "state with particularity any relevant conditions." The rule "requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla.2006). "A proposal for settlement is intended to end judicial labor, not create more." Id. at 1078 (quoting Nichols v. State Farm Mut., 851 So.2d 742, 746 (Fla. 5th DCA 2003)). A "proposal fails to satisfy the `particularity' requirement if an ambiguity within the proposal could reasonably affect the offeree's decision." Saenz v. Campos, 967 So.2d 1114, 1116 (Fla. 4th DCA 2007). For the purpose of construing the particularity requirement of rule 1.442, an "ambiguity" is defined as "the condition of admitting *892 more than one meaning." Id. at 1117 (quoting The Random House College Dictionary 42 (rev. ed. 1980)). As we wrote in Saenz, there are two types of ambiguities:
Ambiguities can be either patent or latent. A patent ambiguity is one that appears on its face. "A latent ambiguityas distinct from a patent ambiguityarises 'where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings.'" Mac-Gray Servs., Inc. v. Savannah Assocs. of Sarasota, LLC., 915 So.2d 657, 659 (Fla. 2d DCA 2005) (quoting Ace Elec. Supply Co. v. Terra Nova Elec., Inc., 288 So.2d 544, 547 (Fla. 1st DCA 1974)).
Id. at 1117.
The ambiguity in this case is latent. Nationwide retained two different law firms to defend the different claims, but the offer was presented and signed by only one of them. A "reasonable ambiguity" remained about the scope of the offer because Nationwide had split responsibility for the case between two law firmsdid the offer cover just the UM claim or did it include the PIP claim as well? This ambiguity made it difficult for Pollinger to make an informed decision without clarification of the terms of the offer. This ambiguity was amplified by the fact that Wicker Smith filed its own proposal for settlement during the time when Garagozlo's was pending. Had Nationwide not split the handling of the case between two law firms, such ambiguity would not have arisen.
Nichols involved the Supreme Court's invalidation of a proposal for settlement due to a latent ambiguity. In a PIP case, State Farm served a proposal for settlement on the plaintiff requiring her to execute a general release covering "all claims, causes of action, etc." that accrued through the plaintiff's acceptance of the proposal. 932 So.2d at 1071. The plaintiff had a UM claim arising from the same accident, but which was not part of the PIP case. Id. The Supreme Court held that the existence of the UM claim rendered the terms of the offer ambiguous, so that the offer failed to "clarify which of [the] offeree's outstanding claims against the offeror" were to be "extinguished by any proposed release." Id. at 1080. Similar to Nichols, an extraneous fact in this case rendered Nationwide's proposal ambiguous, so that it could not support an award of attorney's fees under section 768.79.
Affirmed.
FISHMAN, JANE D., Associate Judge, concurs.
WARNER, J., concurs specially with opinion.
WARNER, J., concurring specially.
I do not consider the use of separate attorneys for the PIP and UM claims as creating in itself a latent ambiguity with the proposal submitted by attorney Garagozlo, which clearly and unequivocally addressed all claims against Nationwide in that lawsuit. A copy of that proposal was sent to Wicker Smith. However, within the thirty day acceptance period for that proposal, Wicker Smith filed its own proposal for settlement addressed to the PIP claim only. Therefore, from the extrinsic facts, an ambiguity arose as to exactly which claims were covered in the first proposal.