JACOBUS, J.
Michael Dobek (“Dobek”) appeals the final summary judgment entered in favor of the City of Minneola (the “City”). The trial court determined that a Release and Settlement Agreement (the “Release”) was a complete bar to Dobek’s lawsuit against the City. Dobek alleges that the trial court erred because there is a latent ambiguity in the Release that creates an issue of fact, which would preclude summary judgment. We agree and reverse.
Dobek began working for the City as a firefighter in July 2005. Prior to his employment with the City he had been a firefighter with another municipality and was a participant in the Florida Retirement System (“FRS”). His continued FRS participation was important to him and he was assured by the City that his FRS participation would continue. Not long after beginning his employment with the City, Dobek sustained a serious work-related injury and he received benefits in accordance with the Workers’ Compensation Law. See Ch. 440, Fla. Stat. (2006). Dobek alleges he became permanently and totally disabled and was unable to perform the essential duties of a firefighter. As a result, the City terminated his employment in March 2006. At that time, Dobek applied to FRS for “In the Line of Duty” disability benefits. He was advised by FRS that it was processing his claim. Do-bek reached a settlement agreement with the City for his workers’ compensation benefits and executed the Release on January 23, 2009. Just prior to signing the Release, Dobek and the City were both advised that he was not covered by FRS because the City had not properly enrolled its firefighters into the system, even though it was making a deduction for FRS benefits from its firefighters’ paychecks.
In January 2010, Dobek filed a complaint against the City. Dobek alleged various causes of action involving the City’s failure to properly enroll him in FRS, which made Dobek ineligible for “In the Line of Duty” disability benefits. As an affirmative defense to Dobek’s lawsuit, the City asserted the Release. The Release contains the following language:
That the said and undersigned [Do-bek], for and in consideration of [the City’s] agreement to settle [Dobek’s] workers’ compensation claim for the amount of $138,250.00 and other good and valuable consideration received from or on behalf of [the City], the sufficiency of which is hereby acknowledged, hereby remise, release, acquit, satisfy and forever discharge the said [City], of and from all actions and manner of actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, whether now not known or contemplated, which [Dobek] ever had, now have, or hereafter can, shall or may have upon or by reason of any matter, cause or thing from the beginning of time to these days presents, including but not limited to all claims pursuant to the Florida Workers’ Compensation Act ... all state and federal causes of action, statutory or otherwise, and any other damages for relief of any nature whatsoever ....
[[Image here]]
[Dobek] further warrants to give up all claims and rights which he may have against the employer, its parent or subsidiaries, and their past, present and future officers, directors, employees and agents, based upon any act or event related to his employment with the employer. ...
*689 [[Image here]]
The parties will bear their own costs. This settlement is not intended to release any vested benefits, pension or health insurance benefits.
[[Image here]]
I understand that receipt by me of the Lump Sum Settlement completely discharges and terminates any liability or responsibility that the Employer or Carrier may have toward me as a result of any and all accidents, claims or injuries arising out of employment with [the City.]
I have read or had the settlement agreement read to me, and I fully understand same, and I am in agreement therewith.
I understand that I am under no compulsion to settle my claim and I am settling this case voluntarily and of my own free will.
[[Image here]]
I understand that by agreeing to settle, I am waiving and giving up any rights that I would have to further pursue any claims.
The Release also contained a “carve-out” provision that excepted certain benefits from being released. As originally drafted, the provision stated, “This settlement is not intended to release any vested pension or health insurance benefits.” However, the parties interlined the word “benefits” by hand in the final version of the Release, so that as executed it read, “This settlement is not intended to release any vested benefits, pension or health insurance benefits.” (Emphasis added). Do-bek argues that this provision contains a latent ambiguity that allows him to pursue his claim against the City. The City contends that the carve-out did not include the claim that Dobek is asserting against the City for failure to properly enroll him in FRS.
A latent ambiguity exists where “the language in a contract is clear and intelligible, but some extrinsic fact or extraneous evidence creates a need for interpretation or a choice between two or more possible meanings.” G.E. Fanuc Intelligent Platforms Embedded v. Brijot Imaging Sys., Inc., 51 So.3d 1243, 1245 (Fla. 5th DCA 2011); accord Ace Elec. Supply Co. v. Terra Nova Elec., Inc., 288 So.2d 544, 547 (Fla. 1st DCA 1973). Where a latent ambiguity exists, extrinsic evidence is admissible to explain the ambiguity. G.E. Fanuc, 51 So.3d at 1245. Latent ambiguity generally precludes summary judgment because it creates an issue of fact. Mac-Gray Servs. Inc. v. Savannah Assocs. of Sarasota, LEG, 915 So.2d 657, 659-60 (Fla. 2d DCA 2005).
Here, the extraneous evidence creates a latent ambiguity as to the meaning of the carve-out provision. The City’s contention that the carve-out provision of the Release relates to Dobek’s claim against FRS is patently specious for two reasons. First, there is nothing in the Release that would release FRS. Therefore, the carve-out language, if it was truly intended to carve-out the FRS claim, would be unnecessary. Second, the only outstanding claim that both parties had knowledge of was the potential claim against the City for its failure to properly enroll Dobek in FRS. There were no other outstanding claims for health benefits or any other benefits. Based on the circumstances surrounding the Release, parol evidence should be considered to determine the parties’ intent at the time the carve-out provision was drafted. This precludes summary judgment as it creates a genuine issue of material fact. Accordingly, we reverse the trial court’s summary judgment and remand for further proceedings.
REVERSED and REMANDED.
*690 MAXWELL, III, G.W., Associate Judge, concurs.
EVANDER, J., dissents with opinion.