WALLIS, J.
Appellant, Nicholas Demetrus Taylor (“Husband”), appeals the trial court’s supplemental final judgment on his supplemental petition for modification of child support and custody. Husband argues the lower court erred by ordering him to pay 45% of the funds from his pension plan on a continuing monthly.basis without considering parol evidence regarding the pertinent provision of the parties’ marital settlement agreement (“MSA”). We find that provision 11 of the parties’ MSA contained a latent ambiguity with regard to the terms of payment, requiring the trial court to consider parol evidence to establish the *1122 language’s meaning and the parties’ intent. We reverse the supplemental final judgment and remand for the trial court to conduct an evidentiary, hearing, at which time the parties may present parol evidence., regarding the specific , terms and method of payment.
Husband and Regina Aurora Taylor (“Wife”) married in 1985. On May 17, 2006, Wife petitioned for dissolution of marriage. On June 22, 2006, the trial court entered a final judgment of dissolution of marriage, incorporating the MSA. The MSA, prepared by Wife’s attorney, included provision 11, which states:
The Husband also' owns a retirement pension, in his name, with the City of Orlando Police Department, of which the Wife is entitled to Forty Five Percent (45%) of the 'account balance as of the date of the Final Judgment in this matter, The Wife’s interest shall be transferred by.Qualified Domestic Relations Order (QDRO), with the cooperation of the Husband. The Cost of Preparation of the QDRO shall be borne by the Husband.
(emphasis, added).
On May 8, 2014, Wife filed a motion to enforce and clarify the MSA and final judgment of dissolution of marriage. Wife alleged that she had not received her portion of Husband’s pension pursuant to provision 11, as ordered by .the court. At the June 5, 2014 non-jury trial, without testimony from the parties about their intent regarding provision 11, the trial court found “that the amount owed to Former Wife from the pension plan could not be paid as a one-time lump sum payment,” reasoning that a pension plan “is paid to each spouse as long as the spouse receives payments.”.
On July 15, 2014, the trial court entered a supplemental final judgment. According to the judgment, because the City of Orlando Police Department prohibits the transfer of pension payments by QDRO, “the parties’ agreement can be accomplished by the Husband paying to the Wife forty five percent (45%) of the funds he receives from the pension on a monthly basis.” The trial court further stated “Husband’s pension is a defined benefit plan which is only payable monthly.” The judgment specifically ordered husband “to pay $1,625.53 per month directly to [Wife] from his retirement account payments within five, days of his receipt of the payments as long as he receives payments from the Orlando Police Department pension.” [1]
'“Interpretation of a marital settlement agreement is a matter of law and places the appellate court on an equal fobt-ing with the trial court as interpreter of the written document. Thus, the standard of review is de novo,” Muir v. Muir, 925 So.2d 356, 358 (Fla. 5th DCA 2006) (citations omitted).
A latent ambiguity exists where the language of an agreement is facially clear but an extrinsic fact or extraneous circumstance creates a need for interpretation or reveals an insufficiency in the contract or a failure to specify the rights or duties of the parties in certain situations. See Whiting v. Whiting, 160 So.3d 921, 924 (Fla. 5th DCA 2015); McClune v. McClune, 79 So.3d 194, 197 (Fla. 5th DCA 2012); GE Fanuc Intelligent Platforms *1123 Embedded v. Brijot Imaging Sys., Inc., 51 So.3d 1243, 1245 (Fla. 5th DCA 2011). “When a contract contains a latent .ambiguity, the trial court ‘must hear parol evidence to interpret the writing properly.’ ” Riera v. Riera, 86 So.3d 1163, 1166 (Fla. 3d DCA 2012) (quoting Mac-Gray Servs., Inc. v. Savannah Assocs. of Sarasota, LLC, 915 So.2d 657, 659 (Fla. 2d DCA 2005)). A court must also hear parol evidence “to explain, clarify or elucidate the ambiguous term.” Toussaint v. Toussaint, 107 So.3d 474, 477 (Fla. 1st DCA 2013) (quoting Strama v. Union Fidelity Life Ins. Co., 793 So.2d 1129, 1132 (Fla. 1st DCA 2001)).
In this case, the parties intended for the QDRO to serve as a method of enforcing the distribution of Husband’s pension plan. The City of Orlando Police Department’s rejection of the QDRO occurred unexpectedly after the parties entered into the agreement, qualifying as an extrinsic fact or extraneous circumstance which altered the parties’ understanding of the means of payment and their respective duties. Therefore, its prohibition brought to light an insufficiency in the contract and created a need for the trial court to consider parol evidence to assist in the interpretation of. the parties’ duties under the MSA. On remand, the trial court must hold an evidentiary hearing to consider such evidence.
REVERSED and REMANDED with INSTRUCTIONS.
EDWARDS, J., concurs.
LAMBERT, J.,- concurs specially with opinion.
LAMBERT, J.,
concurring specially.
The record on appeal establishes that the value of Husband’s retirement pension with the City of Orlando Police Department at the time of the 2006 final judgment was $43,347. My reading of provision 11 of the parties’ MSA suggests.that Wife was therefore entitled to a one-time distribution of $19,506.15 for her forty-five percent interest in the pension, which the parties agreed would , be distributed through a QDRO. Unbeknownst to them, this method of distribution was unavailable. The trial court erred in failing to receive testimony from the parties regarding how to address the ambiguity that arose when a QDRO could not be utilized to effectuate the transfer. However, it occurs to me that on remand, if Husband can separately pay 'Wife $19,506.15, plus accrued interest, minus any monies Wife has received in the interim for her intérest in Husband’s pension, then this issue becomes moot. Alternatively, while[1] we are not specifically ordering a monthly payment, if Husband is presently receiving a distribution from his pension, be it monthly or otherwise, I believe the trial court has the discretion to fashion a remedy that permits Husband to pay Wife a monthly amount from his pension distribution until Wife is paid in full.

. We find provision 11 to be clear and unambiguous with regard to the meaning of “account balance.” Specifically, the “account balance” refers to 45% of the retirement pension’s value on June 22, 2006. As explained below, provision 11 contained no description of a monthly payment obligation, and we decline to order the creation of &e same, despite the failure of the transfer pursuant to a QDRO.