DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDREA EHLERT** and **PETER EHLERT,**
Appellants,

v.

**DORIS CASTRO, TEODORO CASTRO** and
**FLORIDA SUN AND SURF REALTY GROUP. L.L.C.,**
Appellees.

No. 4D20-2007

[November 3, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Barbara W. Bronis, Judge; L.T. Case No. 562016CA001024RL.

Mark Hanson of Gordon & Partners, P.A., Palm Beach Gardens, and Andrew A. Harris and Grace Mackey Streicher of Harris Appeals, P.A., Palm Beach Gardens, for appellant Andrea Ehlert.

Lissette Gonzalez of Cole, Scott & Kissane, P.A., Miami, for appellees Doris Castro and Teodoro Castro.

WARNER, J.

After a judgment in appellant Andrea Ehlert's favor in a personal injury case, appellant moved to assess attorney's fees based upon a Proposal for Settlement (PFS). The trial court denied the motion, finding the PFS was ambiguous with regard to the claims included in the proposal. Because the proposal was limited to claims made in the lawsuit, there was no ambiguity. We thus reverse.

Appellant, a tenant of the appellees, was injured on their property. She filed suit for damages. During the pendency of the litigation, appellant served the following proposal for settlement on the appellees:

> COMES NOW, [Appellant], individually, by and through undersigned attorney, and pursuant to Florida Statutes § 768.79 and Florida Rules of Civil Procedure 1.442, and hereby

makes the following Proposal for Settlement in the above styled cause upon [Appellees]:

The party making the Proposal for Settlement is [Appellant]. The party to whom the Proposal for Settlement is made is to [Appellees].

This Proposal for Settlement is made to resolve any and all claims and counts pled by [Appellant] against [Appellees], as a result of the subject accident which occurred on or about September 17, 2015, in Port Saint Lucie, Florida, as described in [Appellant's] Complaint.

A. This proposed settlement amount includes all claims by and between [Appellant] and [Appellees], which could be included in a Final Judgment, including taxable costs and prejudgment interest.

B. The total amount of the Proposal for Settlement to [Appellees], is One Hundred Thousand Dollars and no cents ($100,000.00).

C. Relevant conditions: If accepted by [Appellees], then a final judgment will be entered against it and upon payment of the amount due, a satisfaction of the judgment will be filed. If, however, [Appellees], accepts [sic] this proposal by making payment of the amount due within 30 days of acceptance, then no judgment will be entered against [Appellees]. Regardless of the method of acceptance, whether by either entry of judgment or payment of the amount due, [Appellant], will file a voluntary dismissal with prejudice in this matter as to [Appellees].

(provisions not relevant to this appeal omitted).

Appellees did not accept the PFS and ultimately a jury found that appellant suffered damages. After reduction for comparative negligence, the trial court entered judgment for appellant in the amount of $307,049.19, plus costs.

Appellant moved for entitlement to fees pursuant to the PFS, because the amount of the judgment exceeded the amount of the proposal by greater than twenty-five percent, entitling plaintiffs to fees pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes.

Appellees responded, arguing that the PFS contained language that was vague, ambiguous, and contradictory when read together, as it contained invalid conditions which encompassed claims beyond the scope of the claim at issue.

At the hearing on the motion, appellees pointed to paragraph A's language that the proposal covered claims "which could be included in a Final Judgment." They contended that the PFS required them to release any unknown, future claims, noting that appellant was a tenant of appellees at the time of the PFS and appellees might have had a future cause of action against appellant for unpaid rent. Appellant maintained that the paragraph stating the PFS was made "to resolve any and all claims and counts pled by [Appellant] . . . against [Appellees] . . . as a result of the subject accident which occurred on September 17, 2015", limited the scope of the PFS.

After the final judgment awarding damages was affirmed,[1] the trial court entered an order denying appellant's motion to assess attorney's fees under the PFS. It found an inconsistency in the settlement proposal. The court concluded that paragraph A expanded the scope of the release to include any claims between the parties in the future, noting at the time the parties had a landlord/tenant relationship. Thus, because the court construed the language as including future claims, the PFS was ambiguous. Appellant then filed this appeal.

We review de novo a court's order on the eligibility to receive attorney's fees based on a proposal for settlement pursuant to section 768.79 and rule 1.442. *Kuhajda v. Borden Dairy Co. of Ala., LLC*, 202 So. 3d 391, 393–94 (Fla. 2016); *Kiefer v. Sunset Beach Inv., LLC*, 207 So. 3d 1008, 1010 (Fla. 4th DCA 2017); *see also Alamo Fin., L.P. v. Mazoff*, 112 So. 3d 626, 628 (Fla. 4th DCA 2013).

Section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 govern proposals for settlement. The statute and rule "must be strictly construed because they are in derogation of the common law rule that each party should pay its own fees." *Kuhajda*, 202 So. 3d at 394. "The purpose of section 768.79 is to 'reduce litigation costs and conserve judicial resources by encouraging the settlement of legal actions.'" *Id.* at 395 (quoting *Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So. 3d 646, 650 (Fla. 2010)).

---

[1] *See Castro v. Ehlert*, 298 So. 3d 1148 (Fla. 4th DCA 2020) (table decision).

Rule 1.442 provides a procedural framework to implement the substantive requirements of section 768.79 regarding settlement proposals. *Id.* (citation omitted.) The rule "requires that settlement proposals 'state with particularity any relevant conditions' and also 'state with particularity all nonmonetary terms.'" *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1078 (Fla. 2006) (citing Fla. R. Civ. P. 1.442(c)(2)(C)-(D)). The settlement proposal must "be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification" to meet the requirements of the rule. *Am. Home Assurance Co. v. D'Agostino*, 211 So. 3d 63, 65–66 (Fla. 4th DCA 2017) (quoting *Nichols*, 932 So. 2d at 1079); *see also Nationwide Mut. Fire Ins. Co. v. Pollinger*, 42 So. 3d 890, 891 (Fla. 4th DCA 2010). A "proposal fails to satisfy the 'particularity' requirement if an ambiguity within the proposal could reasonably affect the offeree's decision." *Saenz v. Campos*, 967 So. 2d 1114, 1116 (Fla. 4th DCA 2007) (citation omitted).

A PFS "must be sufficiently clear and free of ambiguity to allow the offeree the opportunity to fully consider the proposal." *Allen v. Nunez*, 258 So. 3d 1207, 1211 (Fla. 2018) (citing *Nichols*, 932 So. 2d at 1079). Florida law does not require the elimination of every ambiguity, "only reasonable ambiguities," as the supreme court explained:

> We recognize that, given the nature of language, it may be impossible to eliminate all ambiguity. The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement [of rule 1.442(c)(2)(C)-(D)].

*Id.* (quoting *Nichols*, 932 So. 2d at 1079). "[C]ourts are discouraged from 'nitpicking' proposals for settlement to search for ambiguity" because "[p]roposals for settlement are intended to end judicial labor, not create more." *Id.* (citations omitted); *accord Am. Integrity Ins. Co. of Fla. v. Branford*, 312 So. 3d 91, 95 (Fla. 4th DCA 2021); *Costco Wholesale Corp. v. Llanio-Gonzalez*, 213 So. 3d 944, 947 (Fla. 4th DCA 2017).

Applying these principles to the PFS in this case, there was no ambiguity. The PFS stated with particularity the claims to be settled. The third paragraph of the PFS stated that it was "made to resolve any and all claims and counts pled by [Appellant] against [Appellees] as a result of the subject accident which occurred on or about September 17, 2015 . . . as described in [Appellant's] Complaint." This clearly referred to appellant's

4

premises liability claim for injuries that appellant alleged she sustained at appellees' residence. The next paragraph, paragraph A, provided that the proposed settlement amount included "all claims by and between [Appellant] and [Appellees] which could be included in a final judgment[.]" If appellees accepted the proposal, a final judgment in the action would be entered, which would be satisfied upon payment of the amount of the judgment. Alternatively, appellant would file a notice of voluntary dismissal of the case. No general release was required. Thus, it is clear that the PFS addressed only claims made in the case which could be satisfied in a final judgment.

Paragraph A of the proposal "mirrors" the provision in rule 1.442 that requires the parties to state that the proposal "resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served[.]" *See* Fla. R. Civ. P. 1.442(c)(2)(B). Although appellant's proposal used the word "claims" instead of "damages," we have held that the use of the word "claims" instead of "damages" in a PFS was "sufficiently clear and definite to have allowed the plaintiff 'to make an informed decision without needing clarification.'" *D'Agostino*, 211 So. 3d at 66 (Fla. 4th DCA 2017) (quoting *Nichols*, 932 So. 2d at 1079).

The trial court found the PFS ambiguous because it believed that future landlord/tenant claims between the parties could be included in the scope of paragraph A, as the parties had a landlord/tenant relationship. We disagree. Paragraph A released only claims which "could be included in a Final Judgment." Viewing the agreement as a whole, its proposal to settle any claims "which could be included in a final judgment" clearly referred to claims made in the underlying action and does not include future claims. *See Ambeca, Inc. v. Marina Cove Vill. Townhome Ass'n, Inc*, 880 So. 2d 811 (Fla. 1st DCA 2004) (emphasis omitted) (language in a PFS which sought to release "any other claims which the [plaintiff] might otherwise have or assert against [defendant]" did not encompass future claims). In this case, future claims were not included, and no general release was required.

At the hearing on the motion appellees, suggested that because of the landlord/tenant relationship, appellees may in the future have a claim for unpaid rent. However, nothing in the record shows that at the time the proposal was made the appellees had any other claims against the appellant.

The existence of a different claim at the time the proposal is made appears to be a critical factor in determining whether a PFS which releases "all claims" between the parties includes other claims. For instance, in

5

*Saenz v. Campos*, 967 So. 2d 1114 (Fla. 4th DCA 2007), we held that a PFS failed to satisfy the particularity requirement of rule 1.442 because of ambiguity, when it included "all claims" by the insured against the insurer, but stated that it was in full settlement of claims raised in the suit. The insured's complaint involved an uninsured motorist claim, but before the PFS was served, the insured gave notice of a bad faith claim. Thus, there were two claims involved, and the PFS was not clear as to whether both were included in the PFS. We found a patent ambiguity in the PFS:

> Ambiguities can be either patent or latent. A patent ambiguity is one that appears on its face. "A latent ambiguity—as distinct from a patent ambiguity—arises 'where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings.'" *Mac–Gray Servs., Inc. v. Savannah Assocs. of Sarasota, LLC.*, 915 So. 2d 657, 659 (Fla. 2d DCA 2005) (quoting *Ace Elec. Supply Co. v. Terra Nova Elec., Inc.*, 288 So. 2d 544, 547 (Fla. 1st DCA 1974)).

*Id.* at 1117.

In *Nationwide Mutual Fire Insurance Co. v. Pollinger*, 42 So. 3d 890 (Fla. 4th DCA 2010), we found that the PFS contained a latent ambiguity as to the scope of the offer. The insured brought a UM claim and a PIP claim in a two-count complaint, and the insurer retained two different law firms to defend the two different claims. A PFS was presented by the UM insurer's attorney which stated that the insured "will dismiss [defendant insurer] from all claims, causes of action, and damages arising from the incident or accident giving rise to this lawsuit and will dismiss this lawsuit with prejudice." *Id.* at 891. The insurer prevailed in the case and then sought attorney's fees pursuant to the PFS. The trial court granted the insured's motion to strike the PFS as ambiguous.

On appeal, we agreed that there was a latent ambiguity because a "reasonable ambiguity" existed as to whether the offer covered just the UM claim filed only by the insurer's attorney on the UM case or whether it included the PIP claim too. "This ambiguity made it difficult for [the insured] to make an informed decision without clarification of the terms of the offer." *Id.* at 892. Like *Saenz*, this ambiguity was caused by the fact that the insured had two claims existing when the PFS was served. *See also Palm Beach Polo Holdings, Inc. v. Vill. of Wellington*, 904 So. 2d 652, 653 (Fla. 4th DCA 2005) (PFS which included general release of all damages "brought or not brought" in the lawsuit was ambiguous where

6

other claims and lawsuits were pending between the parties); *Nichols*, 932 So. 2d at 1079–80 (PFS served by insurer to insured was ambiguous when it sought to release all claims "arising out of" a PIP claim, where insured also had a UM claim pending against the insurer); *Matrisciani v. Garrison Prop. & Cas. Ins. Co.*, 298 So. 3d 53, 60 (Fla. 4th DCA 2020) (PFS which required the plaintiff "satisfy all relevant liens" in a personal injury suit was not ambiguous where there was only one lien to be satisfied and no other claims pending). Thus, without any other pending claims between appellant and appellees, it should have been clear to appellees that the PFS was meant only to resolve the personal injury claim in the suit.

In *Branford*, we reaffirmed that a settlement proposal should be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification, but trial courts should not nitpick proposals for ambiguities. 312 So. 3d at 95–96. Considering that there were no other pending claims between the parties, the condition of settlement was simply the entry and satisfaction of a final judgment or a notice of voluntary dismissal of the suit, and it required no general release, the PFS as a whole contained no ambiguity that could reasonably have affected defendant's decision to accept or reject it. We thus reverse the order denying entitlement to fees pursuant to the PFS and remand for the court to determine the amount of the fee.

*Reversed and remanded for further proceedings.*

LEVINE and KLINGENSMITH, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***

7