WARNER, J.
Appellant filed an appeal from a judgment in favor of appellee, based upon a jury verdict awarding appellant no damages for slander. The appellee cross-appeals the court’s denial of attorney’s fees pursuant to an offer of judgment. The court determined that the offer was invalid because it failed to state whether it included attorney’s fees and punitive damages. We affirm the appeal on all issues raised. We reverse as to the cross-appeal, holding that where there was no claim for attorney’s fees or punitive damages raised in the pleadings, the court erred in striking the claim.
Appellant filed a complaint alleging breach of contract, fraudulent inducement, and slander based upon the termination of her teaching position with appellee. The complaint contained no allegations requesting attorney’s fees nor suggesting an entitlement thereto. In addition, at no time did appellant seek punitive damages. Appellee served appellant with an offer of judgment which stated:
Pursuant to Florida Statutes 768.79 and Fla. R. Civ. P. 1.442, defendant, AMERICAN LEARNING SYSTEMS OF BOCA DELRAY, INC., a/k/a AMERICAN HERITAGE by and through its undersigned counsel, Offers Judgment against it and in favor of the plaintiff, THERESA BENNETT on all Counts of its complaint in the total amount of $500.00, inclusive of costs and prejudgment interest.
Because the verdict did not exceed the offer, appellee moved to assess attorney’s fees. While the court concluded that the offer was made in good faith, it found the offer invalid because the appellee had “failed to identify the amount of proposed settlement for punitive damages, if any, and failed to state whether the proposal includes attorney’s fees and whether attorney’s fees are part of the legal claim.” Finding that the rule and statutory requirements must be strictly construed, the court determined that the offer failed to comply with the specific requirements of the rule and thus denied the motion for attorney’s fees.
Section 768.79(1), Florida Statutes (2002), creates a substantive right to attorney’s fees where a plaintiff refuses to accept an offer of judgment from the defendant and the ensuing jury verdict does not exceed the offer by at least twenty-five percent. Florida Rule of Civil Procedure 1.442 was adopted to provide the procedure for implementing this substantive right. With respect to the making of the offer, section 768.79(2) provides:
The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
The offer shall be construed as including all damages which may be awarded in a final judgment.
In implementing this section, Rule 1.442(c)(2) provides:
A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
*988 (B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorneys’ fees and whether attorneys’ fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
What is immediately apparent is that the statute does not require the offer to include whether it contains attorney’s fees, while the rule does. Both the statute and the rule require that the offer state the amount offered to settle a claim for punitive damages. When the supreme court adopted the amended rule requiring an offer to state whether it included attorney’s fees, it explained that these provisions were procedural in nature and thus within the province of the court to adopt. In re Amendments to Fla. Rules of Civil Procedure, 682 So.2d 105, 105-06 (Fla.1996).
We have no trouble in concluding that this offer complied with the rule, because the complaint contained no allegations to support punitive damages or attorney’s fees, nor a request for the same. As to punitive damages, the second district in Lucas v. Calhoun, 813 So.2d 971, 973 (Fla. 2d DCA 2002), held that an offer was not invalid for failure to state what amount, if any, was proposed to settle a punitive damages claim where no claim was made in the pleadings. The court relied on the “if any” language of the rule which it construed to mean that a claim for punitive damages must be pled before an offer would be required to state an amount for punitive damages. See id. “In the absence of such a claim, the rule does not require a party to include needless ‘not applicable’ language in the proposal.” Id.
While the provision with respect to attorney’s fees does not use the “if any” language, we conclude that it is also a needless surplusage to include “not applicable” as to attorney’s fees in the offer of judgment where no claim for attorney’s fees has been pled. The Supreme Court held in Stockman v. Downs, 573 So.2d 835, 837 (Fla.1991), that a claim for attorney’s fees under either statute or contract must be pled. No recovery of attorney’s fees may occur absent a pleading requesting them. See id. at 837-38. It would make no sense to require a defendant to state in its offer of judgment that the offer does not include attorney’s fees, when plaintiff did not claim an entitlement to them and could not recover them because of failure to plead. Moreover, in this case not only did appellant fail to plead attorney’s fees, no contractual provision granted her attorney’s fees, nor were statutory attorney’s fees authorized pursuant to any of her causes of action.
Finally, appellee made the offer to settle all counts of the complaint, inclusive of costs and interest. That language is sufficiently broad to include any claim for attorney’s fees had one been made in the pleadings. See McMahan v. Toto, 311 F.3d 1077, 1082 (11th Cir.2002). The purpose of the rule is to provide an efficient mechanism to convey an offer of settlement to the opposing party free from ambiguities so that the recipient can fully evaluate its terms and conditions. See Nichols v. State Farm Mut., 851 So.2d 742, 746 (Fla. 5th DCA 2003). Here, there *989 was no ambiguity in the proposal for settlement.
For the foregoing reasons, we reverse the order denying attorney’s fees and direct the trial court to determine the amount of attorney’s fees due pursuant to the offer of settlement.
SHAHOOD and HAZOURI, JJ., concur.