ROWE, J.
Susanne L. Kuhajda (Appellee) prevailed on her negligence claim against Borden Dairy Company of Alabama, LLC, and Major 0. Greenrock (Appellants) and the jury awarded her damages in excess of the amount contained in her offers of judgment to Appellants. Following entry of judgment in her favor, the trial court granted Appellee’s motion to tax attorneys’ fees and costs pursuant to section 768.79, Florida Statutes and Florida Rule of Civil Procedure 1.442. Because the offers failed to strictly comply with the requirements of rule 1.442, we reverse.
Appellee served Appellants with identical offers of judgment that proposed to settle all claims for one lump sum. The offers specified that they included costs, interest, and all damages or monies recov *243 erable under the complaint and by law. Appellants argued that these offers were invalid because they failed to “state whether the proposal includes attorneys’ fees and whether attorneys’ fees are part of the legal claim” as required by Florida Rule of Civil Procedure 1.442(c)(2)(F). The trial court concluded that the failure to include the attorneys’ fees language did not create an ambiguity in this case because Appellee never sought attorneys’ fees in her complaint, and it granted the motion to tax attorneys’ fees and costs against Appellants.
A trial court’s ruling on a motion to tax attorneys’ fees and costs pursuant to the offer of judgment statute is reviewed de novo. Paduru v. Klinkenberg, 157 So.3d 314, 316 (Fla. 1st DCA 2014). The supreme court has repeatedly held that the rule and statute governing offers of judgment must be strictly construed. See, e.g., Campbell v. Goldman, 959 So.2d 223, 226-27 (Fla.2007) (requiring strict compliance with section 768.79(2)(a) and reversing a fee award because the offer failed to cite the statute even though the offer did cite rule 1.442); Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278-79 (Fla.2003) (requiring strict compliance with rule 1.442(c)(3) which dictates that a “joint proposal shall state the amount and terms attributable to each party”). Here, Appellee failed to strictly comply with rule 1.442(c)(2)(F) when she failed to state in the offers of judgment whether the offers included attorneys’ fees and whether attorneys’ fees were part of the legal claim.
In a case where the plaintiff sought attorney’s fees in the complaint, the supreme court held that an offer of judgment failed to strictly comply with rule 1.442(c)(2)(F) because it did not state that the offer included attorneys’ fees and whether attorneys’ fees were part of the legal claim. Diamond Aircraft Indus., Inc. v. Horow-itch, 107 So.3d 362, 377 (Fla.2013). In light of the fact that “the supreme court has made the test strict compliance, not the absence of ambiguity,” R.J. Reynolds Tobacco v. Ward, 141 So.3d 236, 238 (Fla. 1st DCA 2014), we can see no reason why this holding would not apply equally to a case where attorneys’ fees were not sought in the complaint. See Diamond Aircraft, 107 So.3d at 377 (holding “if the elements of rule 1.442(c)(2) were not mandatory, we would have stated at the beginning of rule 1.442(c)(2) that the proposal ‘may’ contain the requirements listed in that subsection.”). We recognize that this holding conflicts with the Fourth District’s decision in Bennett v. American Learning Systems of Boca Delray, Inc., 857 So.2d 986 (Fla. 4th DCA 2003); thus, we certify conflict with that decision.
REVERSED and CONFLICT CERTIFIED.
OSTERHAUS and BILBREY, JJ., concur.