IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAN COLVIN AND WADE
COLVIN,

     Appellants,

v.

CLEMENTS AND ASHMORE,
P.A. D/B/A NORTH FLORIDA
WOMEN'S CARE,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1966

_____/

Opinion filed January 15, 2016.

An appeal from the Circuit Court for Leon County.
Kevin J. Carroll, Judge.

Philip J. Padovano of Brannock & Humphries, Tampa; Dean R. LeBoeuf, Scott E. Gwartney, and Rhonda Bennett of Brooks, LeBoeuf, Bennett, Foster & Gwartney, P.A., Tallahassee, for Appellants.

Shelley H. Leinicke of Wicker Smith O'Hara McCoy & Ford, P.A., Fort Lauderdale; Craig A. Dennis and Tiffany Rohan-Williams of Dennis, Jackson, Martin & Fontela, P.A., Tallahassee, for Appellee.

PER CURIAM.

     The instant appeal originated with a medical malpractice complaint filed by

the appellants, Jan Colvin (the plaintiff) and Wade Colvin (the husband), against the

appellees, Clements and Ashmore, P.A. d/b/a North Florida Women's Care (the defendant). The complaint alleged that the defendant and two of its doctors were negligent in failing to remove surgical clamps during the plaintiff's procedure. The complaint did not seek attorney's fees or punitive damages.

The plaintiff served a proposal for settlement on the defendant that offered to "resolve all claims the plaintiff has against [the defendant], including, but not limited to, any claims for punitive damages[.]" The proposal was for $20,000 and stated it was "inclusive of costs and attorney's fees." The defendant rejected the proposal, and the case proceeded to a jury trial. The jury returned a verdict in the plaintiff's favor that was at least 25 percent greater than the plaintiff's settlement proposal. The plaintiff then moved, on this ground, to recover her attorney's fees under section 768.79, Florida Statutes (2011), and Florida Rule of Civil Procedure 1.442.

The defendant objected to the fee motion on the ground it failed to adhere to the requirements of rule 1.442. Specifically, the defendant argued the motion was invalid because it: (1) failed to state whether attorney's fees were part of the legal claim, and (2) failed to state whether punitive damages were part of the claim. See Fla. R. Civ. Pro. 1.442(c)(2)(E)-(F).

The trial court recognized the absurdity of requiring the proposal to state whether attorney's fees and punitive damages were part of the legal claim where the plaintiff had not sought fees or damages in the complaint, nor could she have.

2

Nonetheless, the trial court recognized that the rule of law as articulated in <u>Diamond Aircraft Industries, Inc. v. Horowitch</u>, 107 So. 3d 362, 376 (Fla. 2013), was one of strict compliance and denied the motion.

On appeal, the plaintiff recognizes the rule of strict compliance, but argues that such a bright-line rule should not be applied here where the proposal complied with all of the provisions of section 768.79 and the material provisions of rule 1.442 and would produce an absurd, unjust result. The plaintiff asks this Court to approach this case in the same manner as the Fourth District did in <u>Bennett v. American Learning Systems of Boca Delray, Inc.</u>, 857 So. 2d 986 (Fla. 4th DCA 2003) (finding that while a proposal for settlement did not perfectly adhere to rule 1.442, it was not ambiguous, and "[i]t would make no sense to require a defendant to state in its offer of judgment that the offer does not include attorney's fees, when plaintiff did not claim an entitlement to them and could not recover them because of failure to plead.").

While <u>Bennett</u> seems like a very logical approach, we are mindful of this Court's recent decision in <u>Borden Dairy Co. v. Kuhajda</u>, 171 So. 3d 242, 243 (Fla. 1st DCA 2015), which reaffirmed the holding that rule 1.442 and section 768.79 must be strictly construed. In light of <u>Borden</u>, we affirm. We continue to recognize a conflict with <u>Bennett v. American Learning Systems of Boca Delray, Inc.</u>, 857 So.2d 986 (Fla. 4th DCA 2003); thus, we certify conflict with that decision.

AFFIRMED and CONFLICT CERTIFIED.

ROBERTS, C.J., and BENTON, J., CONCUR; KELSEY, J., CONCURS WITH OPINION.

KELSEY, J., concurs with opinion.

I concur in the disposition of this case, which is controlled by <u>Diamond Aircraft Industries, Inc. v. Horowitch</u>, 107 So. 3d 362, 376 (Fla. 2013); and by our prior decisions including <u>Borden Dairy Co. v. Kuhajda</u>, 171 So. 3d 242, 243 (Fla. 1st DCA 2015), <u>rev. granted</u>, Case No. SC15-1682 (Fla. Nov. 30, 2015). The Florida Supreme Court has uniformly required strict compliance with section 768.79 of the Florida Statutes and Rule 1.442 of the Florida Rules of Civil Procedure, but litigants often overlook the reasoning supporting this requirement of strict compliance.

First, section 768.79 is a fee-shifting statute in derogation of the common law, and as such it must be strictly construed. <u>Pratt v. Weiss</u>, 161 So. 3d 1268, 1271 (Fla. 2015) (requiring strict construction of statute and rule as to stating amount and terms attributable to each offeror or offeree, because both statute and rule are in derogation of common law); <u>Diamond Aircraft</u>, 107 So. 3d at 376-77 (invalidating proposal that did not state that it included attorney's fees and that attorney's fees were part of the legal claim); <u>Campbell v. Goldman</u>, 959 So. 2d 223, 226-27 (Fla. 2007) (requiring strict compliance with section 768.79(2)(a) and reversing a fee award because the offer failed to cite the statute even though the offer did cite rule 1.442); <u>Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.</u>, 849 So. 2d 276, 278 (Fla. 2003) (requiring strict construction of the statute and rule as to apportionment of offer among multiple plaintiffs).

5

Second, this is a settlement process, and like any settlement process, the parties are not limited to the pleadings in defining the terms on which they will settle. Under the statute, an offer of settlement is construed as including all damages that may be awarded in a final judgment, in order to ensure that the litigation is terminated by the settlement. § 768.79(2), Fla. Stat. (2014) ("The offer shall be construed as including all damages which may be awarded in a final judgment."). See Unicare Health Facilities, Inc. v. Mort, 553 So. 2d 159, 161 (Fla. 1989) (recognizing that ensuring termination of the litigation is the purpose of the statutory provision for construing offers of settlement as including all damages that might have been awarded in a final judgment). Nothing in the statute or the rule, however, precludes proposals for settlement or judgment from including demands or offers that might not have been awardable in a final judgment.

Legal disputes can be, and are, settled on terms that might not have been asserted in the pleadings and on conditions that might not have been available or successful in litigation. In addition, frequently parties give up rights that might have been secured in litigation, for the sake of achieving settlement. For this reason, it is imperative that a proposal for settlement very clearly set forth all of its terms so that the receiving party can evaluate the proposal with confidence of having a full and complete understanding of its terms and scope. Even if the pleadings do not seek fees, a party might want to make fees a condition of settlement or judgment. To pay

6

fees when fees were not part of the claim is significant, and must be communicated very clearly. Thus it makes sense and comports with the rationale behind cases such as Diamond Aircraft to require a proposal for settlement to state whether fees were claimed and whether they are a condition of settlement even if fees were not requested in the pleadings—indeed, *especially if* fees were not requested in the pleadings, so that the receiving party clearly understands the legal effect of the settlement terms being offered.

From the practitioners' perspective, it can seem daunting to craft a legally sufficient proposal for settlement that complies strictly with the statute and the rule. However, the statute and the rule specify the requirements very clearly, in mandatory terms; and the line of controlling Florida Supreme Court case law requiring strict compliance is long, unbroken, and readily accessible to lawyers drafting proposals.