PER CURIAM.
The instant appeal originated with a medical malpractice complaint filed by the appellants, Jan Colvin (the plaintiff) and Wade Colvin (the husband), against the appellees, Clements and Ashmore, P.A. d/b/a North Florida Women’s Care (the defendant). The complaint alleged that the defendant and two of its doctors were negligent in failing to remove " surgical clamps during the plaintiff’s procedure. The complaint did not seek attorney’s fees or punitive damages.
The plaintiff served a proposal for settlement on the defendant that- offered to “■resolve all claims the plaintiff has against [the defendant], including, but not "limited to, ■ any' claims for punitive damages[.]” The proposal was for $20,000 and stated it was “inclusive of costs and attorney’s fees.” The defendant rejected the proposal,. and the case proceeded to a jury trial. The jury returned, a verdict in -the plaintiff s. favor that-was at least 25 percent greater than the plaintiffs settlement proposal. The plaintiff then moved, on this ground, to recover her attorney’s fees under section 768.79, Florida Statutes (2011), and Florida Rule of Civil Procedure 1.442.
The defendant objected to the fee motion on the ground it failed to adhere to the requirements of rule ,1.442.' Specifically, the defendant argued the motion was invalid because it: (1) failed to state whether attorney’s fees were part of the legal claim, and (2) failed to state whether punitive damages were part of the claim. See Fla. R. Civ. Pro. 1.442(c)(2)(E)-(F).
The trial court recognized the absurdity of requiring the -proposal to state whether attorney’s fees and punitive damages were part of the legal claim where the plaintiff had not sought fees or damages in the complaiht, nor could she have. Nonetheless, the trial court recognized that the rule of law as articulated in Diamond Aircraft Industries, Inc. v. Horomtch, 107 So.3d 362, 376 (Fla.2013), was one of strict compliance and denied the motion.
On appeal, the plaintiff recognizes the rule of strict compliance, but argues that such a bright-line rule should not be applied here where the proposal complied with all of the provisions of section 768.79 and" the material provisions of rule 1.442 and would produce an absurd, unjust result. The plaintiff asks this Court to approach this case in the same manner as the Fourth District did in Bennett v. American Learning Systems of Boca Delray, Inc., 857 So.2d 986 (Fla. 4th DCA 2003) (finding that while a proposal for settlement did -not perfectly adhere to rule 1.442, it was .not ambiguous, and “[i]t would make no sense to require a defendant to state in its offer of judgment that the offer does not include attorney’s fees, when plaintiff did not claim an entitlement to :them and, could not recover, them because of failure to plead.”).
*926 While Bennett seems like a very logical approach, we are mindful of this Court’s recent decision in Borden Dairy Co. v. Kuhajda, 171 So.3d 242, 243 (Fla. 1st DCA 2015), which reaffirmed the’ holding that rule 1.442 and section 768.79 must be strictly construed. In light of Borden, we affirm. We continue to recognize a conflict- with Bennett v. American Learning Systems of Boca Delray, Inc., 857 So.2d 986 (Fla. 4th DCA 2003); thus, we certify conflict with that decision.
AFFIRMED and CONFLICT CERTIFIED.
ROBERTS, C.J., and BENTON, J., concur; KELSEY, J., concurs with opinion.,