KELSEY, J.,
concurs with opinión.
I concur in the disposition of tliis case, which is controlled by Diamond Aircraft Industries, Inc. v. Horoipitch, 107 So.3d 362, 376 (Fla.2013); and by pur prior decisions including Borden Dairy Co. v. Kuhajda, 171 So.3d 242, 243 (Fla. 1st DCA 2015), rev. granted, Case No. SC15-1682, 2015 WL 8204268’ (Fla. Nov. 30, 2015). The Florida Supreme Court has uniformly required strict compliance with section 768.79 of the Florida Statutes and. Rule 1.442 of the Florida Rules of Civil Procedure, but litigants often overlook the reasoning supporting this requirement of strict compliance.
First, section - 768.79 is a .fee-shifting statute in derogation of the common law, and as such it must be strictly construed. Pratt v. Weiss, 161 So.3d 1268, 1271 (Fla.2015) (requiring strict construction of statute and rule as to stating amount and terms attributable to each offeror or offer-ee, because both statute and rule are in derogation of common law);- Diamond Aircraft, 107 So.3d at 376-77 (invalidating proposal that did not state that it included attorney’s fees and that attorney’s fees were part of the legal claim); Campbell v. Goldman, 959 S.o.2d 223, 226-27 (Fla.2007) (requiring strict compliance with section 768.79(2)(a) and reversing a fee award because the offer failed to cite the statute even though the offer did cite rule 1.442); Willis Shaw Exp., Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003) (requiring strict construction of the statute and rule as to apportionment of offer among multiple plaintiffs).
Second, this is a settlement process, and like any settlement process, the parties are not limited to the pleadings in defining the terms on which they will settle. Under the statute, an offer of settlement is construed. as -including all damages that may be awarded in a final judgment, in order to ensure that the litigation is terminated by the , settlement. § 768.79(2), Fla. Stat. (2014) (“The offer shall be construed as including all damages which may be awarded.in a final judgment.”). See Unicare Health Facilities, Inc. v. Mort, 553 So.2d 159, 161 (Fla.1989) (recognizing that ensuring termination of the litigation is the purpose of the statutory provision for construing offers of settlement as including all damages that might have been awarded in a final judgment). Nothing in the statute or the rule, however, precludes proposals for settlement or judgment from including demands or offers that might not,have been awardable in a final judgment.
Legal'disputes can be,-and are, settled on terms that might not have been asserted in the pleadings and on conditions that might not have been available or -successful in litigation. In addition, frequently parties give up rights that might have been secured in litigation, for the sake of achieving settlement. For this reason, it is imperative that a proposal for settlement very clearly set forth all of its terms so that the receiving party can evaluate -the proposal with confidence of having a full and complete understanding of its terms *927 and scope. Even if the pleadings do not seek fees, a party might want to make fees a condition of settlement or judgment.' To pay" fees when fees were not part'of the claim is significant, and must-be communicated very clearly. Thus it makes sense and comports with the -rationale behind cases such as Diamond Aircraft to require a proposal for settlement to state whether fees were claimed and whether they are a condition of settlement even if fees were not requested in the pleadings — indeed, especially if tees were not requested in the pleadings, so that the receiving party clearly understands the legal effect of the settlement terms being offered.
From the practitioners’ perspective, it can seem daunting to craft a legally sufficient proposal for settlement that complies strictly with the statute and the rule. However, the statute and the rule specify the requirements very clearly, in mandatory terms; and the line of controlling Florida Supreme Court case law requiring strict compliance is long, unbroken, and readily accessible to lawyers drafting proposals. .