# Supreme Court of Florida

_____

No. SC15-1682
_____

**SUSANNE L. KUHAJDA,**
Petitioner,

vs.

**BORDEN DAIRY COMPANY OF ALABAMA, LLC., et al.,**
Respondents.

[October 20, 2016]

CANADY, J.

In this case we consider whether an offer of settlement that fails to address attorney's fees is invalid even though no attorney's fees have been sought in the case. The case is before the Court for review of the decision of the First District Court of Appeal in Borden Dairy Co. of Alabama, LLC v. Kuhajda, 171 So. 3d 242 (Fla. 1st DCA 2015), which held that such an offer of settlement is invalid. The First District certified that its decision is in direct conflict with the decision of the Fourth District Court of Appeal in Bennett v. American Learning Systems of Boca Delray, Inc., 857 So. 2d 986 (Fla. 4th DCA 2003). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we hold that if

attorney's fees are not sought in the pleadings an offer of settlement is not invalid for failing to state whether the proposal includes attorney's fees and whether attorney's fees are part of the legal claim. We therefore quash the decision of the First District in Borden Dairy and approve the decision of the Fourth District in Bennett on the conflict issue.

## I. BACKGROUND

In the case on review, Susanne L. Kuhajda served Borden Dairy Company of Alabama, LLC, and Major O. Greenrock with identical offers of judgment specifying that the offers included costs, interest, and all damages or monies recoverable under the complaint and by law. Borden Dairy, 171 So. 3d at 242-43. Ultimately, Kuhajda prevailed on her negligence claim against Borden Dairy and Greenrock, and the jury awarded her damages sufficiently in excess of the amount contained in her offers of judgment to trigger the payment of fees under section 768.79(1), Florida Statutes. Following entry of judgment in her favor, the trial court granted Kuhajda's motion to tax attorney's fees and costs in accordance with section 768.79 and Florida Rule of Civil Procedure 1.442. Id. at 242. The trial court determined that the failure to include the attorney's fees language in the offer of judgment did not create an ambiguity because Kuhajda never sought attorney's fees in her complaint. Id. at 243.

- 2 -

On appeal, the First District held that an offer of judgment must strictly comply with Florida Rule of Civil Procedure 1.442(c)(2)(F) even when the complaint does not include a claim for attorney's fees. Id. The First District explained that in Diamond Aircraft Industries, Inc. v. Horowitch, 107 So. 3d 362 (Fla. 2013)—a case where the plaintiff sought attorney's fees in the complaint— this Court held that an offer of judgment failed to strictly comply with rule 1.442(c)(2)(F) because it did not state that the offer included attorney's fees and whether attorney's fees were part of the legal claim. Id. The First District reasoned that because Diamond Aircraft made the test for determining the validity of an offer of judgment strict compliance rather than the absence of ambiguity, an offer must strictly comply with rule 1.442(c)(2)(F) even when attorney's fees are not sought in the complaint. Id. The First District thus reversed the order granting Kuhajda's motion to tax attorney's fees and costs and certified conflict with the Fourth District's decision in Bennett.

## II. ANALYSIS

"The certified conflict issue involves the interpretation of the Court's rules and is a question of law subject to de novo review." Saia Motor Freight Line, Inc. v. Reid, 930 So. 2d 598, 599 (Fla. 2006). "The eligibility to receive attorney's fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo." Pratt v. Weiss, 161 So. 3d 1268, 1271 (Fla. 2015).

**Section 768.79 and Rule 1.442**

"The Legislature has modified the American rule, in which each party pays its own attorney's fees, and has created a substantive right to attorney's fees in section 768.79 on the occurrence of certain specified conditions." TGI Friday's, Inc. v. Dvorak, 663 So. 2d 606, 611 (Fla. 1995). Florida Rule of Civil Procedure 1.442 implements section 768.79. See Willis Shaw Exp., Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003). In 1996, we amended rule 1.442 to require greater detail in an offer of settlement under section 768.79. See id. When this Court adopted the amended rule requiring an offer to state whether it included attorney's fees, we explained that these provisions were "procedural" in nature and thus within the province of the Court to adopt. In re Amends. to Fla. Rules of Civ. Proc., 682 So. 2d 105, 106 (Fla. 1996); see article V, § 2(a), Fla. Const. (providing this Court with exclusive authority to adopt rules for practice and procedure in the courts of this State); Se. Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So. 3d 73, 79 (Fla. 2012) ("The current version of the offer of judgment statute is procedurally buttressed by Florida Rule of Civil Procedure 1.442, which details the requirements to properly file a proposal of settlement.").

Rule 1.442 provides:

(2) A proposal shall:

(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;

(B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);

(C) state with particularity any relevant conditions;

(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;

(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;

(F) <u>state whether the proposal includes attorneys' fees and whether attorneys' fee are part of the legal claim</u>; and

(G) include a certificate of service in the form required by rule 1.080.

Fla. R. Civ. P. 1.442(c)(2) (emphasis added).

This Court has held that section 768.79 and rule 1.442 must be strictly construed because they are in derogation of the common law rule that each party should pay its own fees. See, e.g., Audiffred v. Arnold, 161 So. 3d 1274, 1279 (Fla. 2015) (analyzing an offer of settlement "[u]nder the required strict construction of the rule and the statute"); Pratt, 161 So. 3d at 1273 (analyzing an offer of settlement "under a strict construction of section 768.79 and rule 1.442"); Attorneys' Title Ins. Fund, Inc. v. Gorka, 36 So. 3d 646, 649 (Fla. 2010) ("This Court strictly construes the language of the statute and rule when reviewing the several requirements."); Campbell v. Goldman, 959 So. 2d 223, 227 (Fla. 2007) ("[S]trict construction is applicable to both the substantive and procedural portions

of the rule and statute."); <u>Lamb v. Matetzschk</u>, 906 So. 2d 1037, 1040 (Fla. 2005) (reaffirming a strict construction of rule 1.442); <u>Willis Shaw</u>, 849 So. 2d at 278 (stating that section 768.79 and rule 1.442 were to be strictly construed because they are in derogation of the common law rule that each party should pay its own fees).

This Court required a strict construction of rule 1.442—and thus a strict enforcement of the rule's requirements—in <u>Audiffred</u>, <u>Pratt</u>, <u>Gorka</u>, <u>Campbell</u>, <u>Lamb</u>, and <u>Willis Shaw</u> in contexts in which the provisions of the rule implemented the substantive requirements of section 768.79. Notably, none of those cases explicitly addresses whether a provision of rule 1.442 must be strictly enforced when the provision is a requirement that does not implement a substantive requirement of section 768.79.

### Diamond Aircraft

In <u>Diamond Aircraft</u>, this Court considered four questions of Florida law certified by the United States Court of Appeals for the Eleventh Circuit. Two of the certified questions related to Florida's offer of judgment law. This Court's negative answer to the first certified question concerning Florida's offer of judgment law determined that the offer of judgment law had no application in the circumstances presented by the case. The Court nonetheless answered the second question regarding whether "a defendant's offer of judgment [is] valid if, <u>in a case</u>

- 6 -

in which the plaintiff demands attorney's fees, the offer purports to satisfy all claims but fails to specify whether attorney's fees are included and fails to specify whether attorney's fees are part of the legal claim[.]" Diamond Aircraft, 107 So. 3d at 376 (emphasis added). In concluding that such an offer would be invalid, we relied on the rule of strict construction.

In our analysis, we discussed the Fourth District's decision in Bennett and recognized that the facts in Diamond Aircraft were distinguishable: "Unlike the complaint in Bennett, the complaint [in Diamond Aircraft] contained a legal claim for attorney's fees, which created an ambiguity in Diamond Aircraft's offer of settlement that was not present in Bennett, thereby necessitating the presence in the offer of settlement of a specific statement regarding attorney's fees." Id. at 377. We went on to question dicta contained in Bennett, in which the Fourth District "state[d] that a general offer of settlement . . . (i.e., one that stipulates settlement of all claims) is broad enough to include any claim for attorney's fees." Id. In the context of our discussion of this dicta, we observed that our post-Bennett case law requiring the strict construction of the statute and rule "draws the continuing validity of Bennett into question." Id. Although we acknowledge that this statement might be understood as questioning the holding of Bennett, we believe that it is instead properly understood in context as an observation regarding the

dicta in <u>Bennett</u> concerning an offer that "stipulates [a] settlement of all claims[.]"
<u>Id.</u>

**The Instant Case**

Here, we consider a circumstance in which rule 1.442(c)(2)(F) contains a requirement to include in a settlement proposal a specific element that section 768.79 does not require. The purpose of section 768.79 is to "reduce litigation costs and conserve judicial resources by encouraging the settlement of legal actions." <u>Gorka</u>, 36 So. 3d at 650; <u>see</u> <u>Unicare Health Facilities, Inc. v. Mort</u>, 553 So. 2d 159, 161 (Fla. 1989) (explaining that rule 1.442 "was implemented solely to encourage settlements in order to eliminate trials if possible"). The only purpose of rule 1.442 is to provide a procedural framework to implement the substantive requirements of section 768.79 regarding settlement proposals. <u>See</u> <u>Se. Floating Docks</u>, 82 So. 3d at 79; <u>Willis Shaw</u>, 849 So. 2d at 278. Rule 1.442(c)(2)(F)'s requirements relating to attorney's fees are totally irrelevant to the settlement of a case in which attorney's fees are not sought.

We decline to invalidate Kuhajda's offers of judgment solely for violating a requirement in rule 1.442 that section 768.79 does not require. The procedural rule should no more be allowed to trump the statute here than the tail should be allowed to wag the dog. A procedural rule should not be strictly construed to defeat a statute it is designed to implement.

Kuhajda is entitled to attorney's fees under section 768.79 because the offers of judgment at issue in this case are not ambiguous. As explained previously, Kuhajda served Borden Dairy and Greenrock with identical offers of judgment specifying that the offers included costs, interest, and all damages or monies recoverable under the complaint and by law. Borden Dairy, 171 So. 3d at 242-43. The failure to include the attorney's fees language in the offer of judgment did not create an ambiguity because Kuhajda never sought attorney's fees in her complaint. Id. at 243. Neither Borden Dairy nor Greenrock argues to the contrary, and it is indisputable that Kuhajda fully complied with the relevant requirements of the rule that implement the substantive requirements of section 768.79.

We agree with Bennett that "[i]t would make no sense to require a defendant to state in its offer of judgment that the offer does not include attorney's fees, when plaintiff did not claim an entitlement to them and could not recover them because of failure to plead" and "there [is] no ambiguity in the proposal." Bennett, 857 So. 2d at 988-89. As this Court has recognized, "a claim for attorney's fees, whether based on statute or contract, must be [pleaded]" unless "a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement[.]" Stockman v. Downs, 573 So. 2d 835, 837-38 (Fla. 1991).

We therefore hold that an offer of settlement is not invalid for failing to state whether the proposal includes attorney's fees and whether attorney's fees are part of the legal claim under rule 1.442(c)(2)(F) if attorney's fees are not sought in the pleadings. Bennett correctly concluded that an offer of judgment need not strictly comply with the requirements of rule 1.442(c)(2)(F) when attorney's fees are not sought in the pleadings. Borden Dairy erred in disagreeing with Bennett.

## III. CONCLUSION

We approve Bennett on the conflict issue and quash Borden Dairy, and remand to the First District for proceedings consistent with this opinion.[1]

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
POLSTON, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

   First District – Case No. 1D14-4706

   (Bay County)

Talley L. Kaleko of the Law Offices of Robert Scott Cox, PL, Tallahassee, Florida,

   for Petitioner

---

1. We also disapprove Colvin v. Clements & Ashmore, P.A., 182 So. 3d 924 (Fla. 1st DCA 2016), which follows the reasoning of Borden Dairy.

Charles Franklin Beall, Jr. of Moore, Hill & Westmoreland, P.A., Pensacola, Florida,

for Respondents