On Appellant’s Motion for Rehearing

Gerber, j.
In light of our supreme court’s decision in Kuhajda v. Borden Dairy Company of Alabama, LLC, 202 So.3d 391 (Fla. 2016), we grant appellant’s motion for rehearing, withdraw our opinion issued October 27, 2016, and substitute the following opinion in its place.
The defendant, which prevailed at trial after a jury verdict of no liability, appeals from the trial court’s order denying the defendant’s motion to tax attorney’s fees and costs against the plaintiff pursuant to a proposal for settlement served under section 768.79, Florida Statutes (2014), and Florida Rule of Civil Procedure 1.442 (2014).
The trial court denied the defendant’s motion on the ground that the defendant’s proposal for settlement failed to strictly follow rule 1.442’s requirements in two respects:
(1) by stating that the proposal resolves all “claims” instead of all “damages” in the action, pursuant to rule 1.442(c)(2)(B) (“A proposal shall ... state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F).”) (emphasis added); and
(2) by failing to state “whether attorneys’ fees are part of the legal claim” pursuant to rule 1.442(c)(2)(F) (“A proposal shall ... state whether the proposal includes attorneys’ fees and whether attorneys’ fees are part of the legal claim.”) (emphasis added).
The defendant argues the trial court erred in invalidating the proposal for settlement because: (1) the proposal’s use of the word “claims” instead of the word “damages” did not render the proposal ambiguous; and (2) it was unnecessary for the proposal to state “whether attorney’s fees are part of the legal claim” when the plaintiffs complaint did not request attorney’s fees.
We agree with the defendant’s arguments and reverse. We present this opinion in three parts:
1. the procedural history;
2. why the proposal’s use of the word “claims” instead of the word “damages” did not render the proposal ambiguous; and
3. why it was unnecessary for the proposal to state “whether attorney’s fees are part of the legal claim.”

1. Procedural History

The plaintiff was injured when his car was struck by an uninsured motorist. The plaintiff sued the defendant (his uninsured motorist insurance carrier) to recover his damages. The plaintiffs complaint did not request attorney’s fees.
The defendant served a proposal for settlement. The proposal contained two provisions pertinent here:
• “This proposal is intended to resolve all claims of Plaintiff ... against Defendant ... in the above-styled action” and “[ajcceptance ... is con *65 ditioned upon Plaintiff filing a Voluntary Dismissal with Prejudice of Defendant.”
• “This Proposal includes all potential claims for attorneys’ fees and costs.”
(emphasis added). The plaintiff did not accept the defendant’s proposal for settlement.
The defendant prevailed at trial after a jury verdict of no liability. The trial court entered a final judgment in the defendant’s favor, while retaining jurisdiction to tax the defendant’s attorney’s fees and costs against the plaintiff. The defendant then filed its motion to tax attorney’s fees and costs against the plaintiff pursuant to its proposal for settlement.
In response to the defendant’s motion, the plaintiff raised essentially two arguments.
First, the plaintiff argued that the proposal’s use of the word “claims” failed to strictly follow rule 1.442(c)(2)(B), which refers to “damages.” See Fla. R. Civ. P. 1.442(c)(2)(B) (2014) (“A proposal shall ... state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served.”) (emphasis added). According to the plaintiff, the proposal’s use of the word “claims” instead of “damages” rendered the proposal ambiguous because it was unclear whether accepting the proposal and voluntarily dismissing the defendant with prejudice would waive the plaintiffs claims for available MedPay and PIP benefits in addition to the plaintiffs claim for UM benefits.
Second, the plaintiff argued that the proposal failed to strictly follow rule 1.442(c)(2)(F), which requires that the proposal state “whether attorneys’ fees are part of the legal claim.” See Fla. R. Civ. P. 1.442(c)(2)(F) (2014) (“A proposal shall ... state whether the proposal includes attorneys’ fees and whether attorneys’ fees are part of the legal claim”) (emphasis added).
At the hearing on the defendant’s motion, the defendant replied that its use of the word “claims” instead of “damages” did not render the proposal ambiguous because no other claimed benefits were at issue besides UM benefits, as the plaintiff did not plead in the complaint any entitlement to Med Pay or PIP benefits. The defendant also replied it was unnecessary for the proposal to state “whether attorney’s fees are part of the legal claim” when the plaintiffs complaint did not request attorney’s fees.
After the hearing, the trial court issued an order denying the defendant’s motion. The court reasoned that the defendant’s proposal for settlement did not strictly comply with rule 1.442(e)(2)(B)’s use of the word “damages” instead of “claims,” and did not strictly comply with rule 1.442(c)(2)(F)’s requirement to state “whether attorneys’ fees are part of the legal claim.”
This appeal followed. Our review is de novo. See Pratt v. Weiss, 161 So.3d 1268, 1271 (Fla. 2016) (“The eligibility to receive attorney’s fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo.”).

2. Why the proposal’s use of the word “claims” instead of the word “damages” did not render the proposal ambiguous.

Our supreme court has held that “given the nature of language, it may be impossible to eliminate all ambiguity” in a proposal for settlement. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla. 2006). According to our supreme court, “[Rule 1.442] does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an *66 informed decision without needing clarification.” Id. “Therefore, parties should not ‘nit-pick’ the validity of a proposal for settlement based on allegations of ambiguity unless the asserted ambiguity could ‘reasonably affect the offeree’s decision’ on whether to accept the proposal for settlement.” Carey-All Transp., Inc. v. Newby, 989 So.2d 1201, 1206 (Fla. 2d DCA 2008) (quoting Nichols, 932 So.2d at 1079).
Here, we conclude the defendant’s proposal for settlement, despite using the word “claims” instead of “damages,” was sufficiently clear and definite to have allowed the plaintiff “to make an informed decision without needing clarification.” Nichols, 932 So.2d at 1079. No other claimed benefits were at issue besides UM benefits, as the plaintiff did not plead in the complaint any entitlement to Med Pay or PIP benefits. Thus, given that the plaintiffs “claim” and “damages” were one and the same, the proposal’s use of the word “claims” instead of “damages” reasonably could not have affected the plaintiffs decision on whether to accept the proposal.
We recognize that in 2014 (before the defendant served its proposal for settlement on the plaintiff in this case), our supreme court amended rule 1.442(c)(2)(B) to use the word “damages” instead of “claims.” That is, before the amendment, rule 1.442(c)(2)(B) required that a proposal for settlement “identify the claim or claims the proposal is attempting to resolve.” (emphasis added). After the amendment, rule 1.442(c)(2)(B) required that a proposal for settlement “state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F) [provision governing attorney’s fees].” In re Amendments to the Florida Rules of Civil Procedure, 131 So.3d 643, 644 (Fla. 2013) (emphasis added). According to our supreme court, a majority of the Florida Bar’s Civil Procedure Rules Committee determined the amendment was needed to “curtail partial proposals for settlement and to comport with section 768.79(2), Florida Statutes (2012), which states, in pertinent part, that ‘[t]he offer [to settle] shall be construed as including all damages which [may] be awarded in a final judgment.’ ” Id. (emphasis added). The supreme court “deferred] to the majority view and amendfed] the rule as proposed.” Id.
Although we would expect any post-amendment proposal for settlement would use the post-amendment word “damages” instead of the pre-amendment word “claims”, we do not construe the amendment as suggesting that any post-amendment proposal for settlement which uses the word “claims” instead of “damages” automatically invalidates the proposal or renders it ambiguous. Moreover, the defendant here plainly did not offer a partial proposal for settlement, and thus the rationale supporting the 2014 amendment was not jeopardized.

3. Why it was unnecessary for the proposal to state “whether attorney’s fees are part of the legal claim. ”

It was unnecessary for the proposal to state “whether attorney’s fees are part of the legal claim” when the plaintiffs complaint did not request attorney’s fees.
This issue recently was resolved by our supreme court in Kuhajda v. Borden Dairy Company of Alabama, LLC, 202 So.3d 391 (Fla. 2016), which the trial court did not have the benefit of at the time of its ruling. In Kuhajda, our supreme court held that “if attorney’s fees are not sought in the pleadings[,] an offer of settlement is not invalid for failing to state whether the proposal includes attorney’s fees and whether attorney’s fees are part of the *67 legal claim.” We examine Kuhajda in greater detail.
In Kuhajda, the plaintiff served the defendants with identical offers of judgment specifying that the offers included costs, interest, and all damages or monies recoverable under the complaint and by law. Ultimately, the plaintiff prevailed on her claim against the defendants, and the jury awarded her damages sufficiently in excess of the amount contained in her offers of judgment to trigger the payment of fees under section 768.79(1). Following entry of judgment in the plaintiffs favor, the trial court granted the plaintiffs motion to tax attorney’s fees and costs in accordance with section 768.79 and rule 1.442. The trial court determined that the failure to include the attorney’s fees language in the offer of judgment did not create an ambiguity because the plaintiff never sought attorney’s fees in her complaint.
On appeal, the First District held that an offer of judgment must strictly comply with rule 1.442(c)(2)(F) even when the complaint does not include a claim for attorney’s fees. Borden Dairy Co. of Alabama, LLC v. Kuhajda, 171 So.3d 242, 243 (Fla. 1st DCA 2015). The First District explained that in Diamond Aircraft Industries, Inc. v. Horowitch, 107 So.3d 362 (Fla. 2013)—a case where the plaintiff sought attorney’s fees in the complaint— our supreme court held that an offer of judgment failed to strictly comply with rule 1.442(c)(2)(F) because it did not state that the offer included attorney’s fees and whether attorney’s fees were part of the legal claim. Borden Dairy, 171 So.3d at 243. The First District reasoned that because Diamond Aircraft made the test for determining the validity of an offer of judgment strict compliance rather than the absence of ambiguity, an offer must strictly comply with rule 1.442(c)(2)(F) even when attorney’s fees are not sought in the complaint. Id. The First District thus reversed the order granting the plaintiffs motion to tax attorney’s fees and costs.
Our supreme court quashed the First District’s decision. Writing for the court, Justice Canady reasoned:
[The plaintiff] is entitled to attorney’s fees under section 768.79 because the offers of judgment at issue in this case are not ambiguous. As' explained previously, [the plaintiff] served [the defendants] with identical offers of judgment specifying that the offers included costs, interest, and all damages or monies recoverable under the complaint and by law. The failure to include the attorney’s fees language in the offer of judgment did not create an ambiguity because [the plaintiff] never sought attorney’s fees in her complaint. Neither [defendant] argues to the contrary, and it is indisputable that [the plaintiff] fully complied with the relevant requirements of the rule that implement the substantive requirements of section 768.79.
We agree with Bennett [v. American Learning Systems of Boca Delray, Inc., 857 So.2d 986 (Fla. 4th DCA 2003),] that “[i]t would make no sense to require a defendant to state in its offer of judgment that the offer does not include attorney’s fees, when plaintiff did not claim an entitlement to them and could not recover them because of failure to plead” and “there [is] no ambiguity in the proposal.” Bennett, 857 So.2d at 988-89. As this Court has recognized, “a claim for attorney’s fees, whether based on statute or contract, must be [pleaded]” unless “a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement[.]” Stockman v. Downs, 573 So.2d 835, 837-38 (Fla. 1991).
*68 We therefore hold that an offer of settlement is not invalid for failing to state whether the proposal includes attorney’s fees and whether attorney’s fees are part of the legal claim under rule 1.442(c)(2)(F) if attorney’s fees are not sought in the pleadings. Bennett correctly concluded that an offer of judgment need not strictly comply with the requirements of rule 1.442(c)(2)(F) when attorney’s fees are not sought in the pleadings. Borden Dairy erred in disagreeing with Bennett
(other internal citations omitted).
Pursuant to Kuhajda, we hold that the defendant’s proposal for settlement here is not invalid for failing to state “whether attorney’s fees are part of the legal claim” under rule 1.442(c)(2)(F) when the plaintiffs complaint did not request attorney’s fees.

Conclusion

Based on the foregoing, we reverse the trial court’s order denying the defendant’s motion to tax attorney’s fees and costs against the plaintiff pursuant to the defendant’s proposal for settlement. We remand for the trial court to hold an evidentiary hearing to determine the amount of attorney’s fees and costs to which the defendant is entitled from the plaintiff pursuant to the defendant’s proposal for settlement.

Reversed and remanded.

May and Levine, JJ., concur.