IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL AGUADO,

     Appellant,

v.

ALLEN MILLER,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4589

Opinion filed May 16, 2017.

An appeal from the Circuit Court for Escambia County.
Thomas V. Dannheisser, Judge.

Louis K. Rosenbloum of Louis K. Rosenbloum, P.A., Pensacola, and Adrian R. Bridges of Michles & Booth, P.A., Pensacola, for Appellant.

Elizabeth A. Parsons and Megan Marie Hall of Wilson, Harrell, Farrington, Ford, Wilson, Spain & Parsons, P.A., Pensacola, for Appellee.

PER CURIAM.

Appellant, the plaintiff below, seeks review of an order denying his motion for attorney's fees based on an unaccepted proposal for settlement. The trial court denied the motion based on its determination that the proposal was invalid because

it did not strictly comply with section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 in two respects: (1) it did not state whether attorney's fees were part of the claim to be settled, and (2) it did not state the amount offered to settle a claim for punitive damages. We reverse based on <u>Kuhajda v. Borden Dairy Company of Alabama, LLC</u>, 202 So. 3d 391 (Fla. 2016).[1]

In <u>Kuhajda</u>, the Court held that "if attorney's fees are not sought in the pleadings an offer of settlement is not invalid for failing to state whether the proposal includes attorney's fees and whether attorney's fees are part of the legal claim." <u>Id.</u> at 393. This holding squarely rejects the first reason that the trial court found Appellant's proposal for settlement to be invalid. It likewise undermines the second reason because, to paraphrase the district court decision approved by the Court in <u>Kuhajda</u>, it would make no sense to require the offeror to state in its proposal for settlement that the offer does not include punitive damages when the plaintiff did not claim an entitlement to them and could not recover them because of the failure to plead. <u>See</u> <u>id.</u> at 396 (quoting <u>Bennett v. Am. Learning Sys. of Boca Delray, Inc.</u>, 857 So. 2d 986, 988-89 (Fla. 4th DCA 2003)).

Here, Appellant did not seek punitive damages in his complaint. Accordingly, although there would have been no harm in Appellant including a

---

[1] The trial court did not have the benefit of <u>Kuhajda</u> when it ruled on Appellant's fee motion, and its ruling was compelled by then-controlling precedent from this court that was quashed in <u>Kuhajda</u>.

statement in his proposal for settlement indicating that no portion of the amount offered was for punitive damages, the absence of such a statement does not render the otherwise unambiguous proposal invalid. See Lucas v. Calhoun, 813 So. 2d 971, 973 (Fla. 2d DCA 2002) ("We conclude that the 'if any' language of subsection (E)[2] requires a proposal for settlement to include terms for settlement of a punitive damage claim only when the pleadings contain a pending claim for punitive damages. In the absence of such a claim, the rule does not require a party to include needless 'not applicable' language in the proposal.").

Based on Kuhajda (and because we find no merit in Appellee's "tipsy coachman" arguments for affirmance), we reverse the order denying Appellant's motion for attorney's fees and remand for the trial court to determine the amount of the fee award.

REVERSED and REMANDED with directions.

WETHERELL, OSTERHAUS, and M.K. THOMAS, JJ., CONCUR.

---

[2] Fla. R. Civ. P. 1.442(c)(2)(E) ("A proposal [for settlement] shall . . . state with particularity the amount proposed to settle a claim for punitive damages, if any.") (emphasis added); see also § 768.79(2)(c), Fla. Stat. ("An offer [of settlement] must . . . [s]tate with particularity the amount offered to settle a claim for punitive damages, if any.") (emphasis added).